976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bill Edward STURGIS, Petitioner-Appellant,
v.
Robert GOLDSMITH, Warden; Robert Corbin, Attorney General,
Respondent-Appellees.
 No. 90-15267.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1992.*
Decided Sept. 17, 1992.
 
 1
 Before ALARCON and CYNTHIA HOLCOMB HALL, Circuit Judges, and DWYER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Bill Edward Sturgis appeals the district court's denial of his petition for writ of habeas corpus. The district court had jurisdiction under 28 U.S.C. § 2254 and this court has jurisdiction under 28 U.S.C. § 1291.
 
 
 4
 * In Sturgis v. Goldsmith, 796 F.2d 1103, 1108 (9th Cir.1986), we held that Appellant Sturgis was denied his constitutional right to be present at a state court hearing to determine his competency. Because we did not have before us the two psychiatric evaluations stipulated to at the competency hearing, the court declined to determine the question of whether that error was harmless. We remanded to the district court for an evidentiary hearing on the issue, noting that "if the government can prove that Sturgis was, in fact, competent at the time of trial, the error will not require reversal of the conviction." Id. at 1109.
 
 
 5
 At the evidentiary hearing, the district judge heard arguments from counsel regarding the proper standard of review and testimony from Sturgis. In rendering its opinion, the court also reviewed the two psychiatric evaluations from Drs. Carl S. Wellish and Maier I. Tuchler, which were missing from the record submitted to the circuit court, and the 1975 trial transcript in its entirety, paying particular attention to the 43 pages of testimony by Sturgis. The district court determined that at the time of trial Sturgis was competent and his absence from the competency hearing was harmless error.
 
 
 6
 Upon review of the record, we find no clear error in the district court's evaluation of the evidence. The district court properly reviewed the record of the trial and the transcript from the competency hearing. It also heard testimony from Sturgis regarding his mental capacity during the trial. Based on all the available evidence, the court found Sturgis to have been competent during the time of his trial and able to assist his counsel with his defense. We conclude that the finding below was not clearly erroneous.[1]
 
 The judgment of the district court is
 
 7
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable William L. Dwyer, United States District Judge for the District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sturgis contends that the question to be determined on remand was whether, because of his absence at the competency hearing, there was a reasonable probability of a different result. We remanded, however, for determination of whether at the time of the trial, Sturgis was competent to stand trial. Because our earlier opinion is the law of the case, we decline to consider this argument. See United States v. Alpine Land & Reservoir Co., 965 F.2d 731, 734 (9th Cir.1992)